IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COMMUNITIES UNITED, COMMUNITY RENEWAL SOCIETY, NEXT STEPS NFP, ONE NORTHSIDE, and the ACLU OF ILLINOIS, on behalf of their respective members,<br><br>       Plaintiffs,<br><br>  vs.<br><br>THE CITY OF CHICAGO,<br><br>       Defendant. | Case No. 17-cv-7151<br><br>Hon. Elaine E. Bucklo |

**DEFENDANT THE CITY OF CHICAGO'S MOTION TO DEFER THE TIME TO FILE AN ANSWER FOR GOOD CAUSE PURSUANT TO THE STANDING ORDER REGARDING THE MANDATORY INITIAL DISCOVERY PILOT PROJECT**

Defendant City of Chicago ("City" or "Defendant"), by and through its undersigned attorneys, moves for a deferral of the time to file its Answer to the Amended Complaint, pursuant to the Standing Order Regarding Mandatory Initial Discovery Pilot Project, and in support, states as follows:

1. This case is subject to the requirements detailed in the Mandatory Initial Discovery Pilot Project ("MIDPP") Standing Order. (Dkt. No. 11.)

2. The MIDPP Standing Order requires a party to file an answer to a complaint even if the party has filed a motion to dismiss under Fed. R. Civ. P. 12(b). MIDPP Standing Order § A.3.

3. However, the MIDPP Standing Order further provides that the Court may defer the time to file an answer while it considers a motion to dismiss based on lack of subject-matter jurisdiction. *Id.*

21871543.1

4. On November 8, 2017, the City moved to dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(1). (Dkt. No. 23-1.) That same day, the City also moved to defer the time answer the Complaint, pursuant to MIDPP Standing Order § A.3. (Dkt. No. 25.)

5. The Court granted the City's Motion to Defer the Time to File an Answer for Good Cause on November 17, 2017, thereby delaying the time to answer until after the Court had ruled on the City's Motion to Dismiss. (Dkt. No. 27.)

6. Thereafter, on November 28, 2017, Plaintiffs filed an Amended Complaint as of right under Fed. R. Civ. P. 15(a)(1). (Dkt. No. 28.)

7. Despite the amendments to the complaint, the City continues to seek a dismissal of the action in its entirety due to a lack of subject-matter jurisdiction.

8. Because the City moves to dismiss for lack of subject-matter jurisdiction, the MIDPP Standing Order provides that the time for the City to answer shall be set by the Court, and the mandatory initial discovery required under the MIDPP Standing Order "shall be measured from that date." *Id.*

9. The City therefore requests that it not be required to answer the Amended Complaint until the Court has ruled on the City's Motion to Dismiss. As the Court previously ruled, the deferral of this Answer is appropriate as the Court may find that it lacks the subject-matter jurisdiction to hear the case and dismiss it accordingly, obviating the need for an answer to be filed by the City.

21871543.1

10. In the alternative, if the Court does not find good cause to defer the filing of an Answer upon resolution of the City's Motion to Dismiss, the City hereby requests an additional 30 days to file an Answer to the Amended Complaint.

WHEREFORE, Defendant the City of Chicago respectfully requests that this Court continue to defer the time the City must file an Answer, pursuant to the Mandatory Initial Discovery Pilot Project, for good cause, until after the Court has ruled on the City's Motion to Dismiss; or, in the alternative, extend the time the City must file an Answer by 30 days; and grant any other relief this Court deems just and proper.

Dated: January 12, 2018

Respectfully submitted,

**CITY OF CHICAGO**

By: /s/ Allan T. Slagel
One of its Attorneys

Allan T. Slagel (ARDC #6198470)
aslagel@taftlaw.com
Heather A. Jackson (ARDC #6243164)
hjackson@taftlaw.com
Elizabeth E. Babbitt (ARDC #6296851)
ebabbitt@taftlaw.com
Jeffrey M. Schieber (ARDC #6300779)
jschieber@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker
Suite 2800
Chicago, Illinois 60601
Telephone: (312) 527-4000
Facsimile: (312) 527-4011