IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COMMUNITIES UNITED; COMMUNITY RENEWAL SOCIETY; NEXT STEPS; ONE NORTHSIDE; and the ACLU of ILLINOIS )))))) | |
| Plaintiffs, ) | Case No. 17-cv-7151 |
| ) | |
| v. ) | Hon. Elaine E. Bucklo |
| ) | |
| THE CITY OF CHICAGO, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DEFER THE TIME TO FILE AN ANSWER**

Plaintiffs Communities United, Community Renewal Society, Next Steps, ONE Northside, and the ACLU of Illinois, by their attorneys, hereby respond to Defendant the City of Chicago's Motion to Defer the Time to File an Answer (ECF No. 44). Plaintiffs do not oppose the City's request for a deferral of its obligation to answer the Complaint pending resolution of its Rule 12 motion. There is, however, no good cause to defer written discovery, including but not limited to the initial disclosures required by the Court's Mandatory Initial Discovery Pilot ("MIDP").

**INTRODUCTION**

1. Plaintiffs filed this lawsuit seeking to enjoin the City's unlawful use of force against individuals who are black and Latino, and against individuals with disabilities. Plaintiffs' lawsuit is one of three currently pending lawsuits that address the Chicago Police Department's policies and practices authorizing excessive and unnecessary force against

1

individuals of color. *See* Compl. at 7, *Campbell v. City of Chicago*, No. 17-cv-4467 (N.D. Ill. June 14, 2017), ECF No. 1 ("*Campbell v. City*"); Compl. at 1–2, *State v. City of Chicago*, No. 17-cv-6260 (N.D. Ill. Aug. 29, 2017), ECF No. 1 ("*State v. City*").

2. Discovery is ongoing in both of the related lawsuits, and the City already has produced relevant information and documents in the other two lawsuits. *See* Defendant City of Chicago's Notice of Service of Response to Mandatory Initial Discovery Requests, *Campbell v. City* (Sept. 20, 2017), ECF Nos. 92-94; Joint Status Report at 1, *Campbell v. City* (Dec. 1, 2017), ECF No. 136 (stating that the parties had exchanged their initial discovery responses); Joint Status Report at 3, *State v. City* (Oct. 23, 2017), ECF No. 32 (stating that the City had responded to approximately 200 requests for documents and produced over 5,000 documents); Second Joint Status Report at 1–2, *State v. City* (Jan. 5, 2018), ECF No. 38 (stating that the City was providing responses to more than 100 additional requests for documents).

## ARGUMENT

3. Under Section A.3 of its MIDP Standing Order, the Court may defer the time for a defendant to file an answer while it considers a motion to dismiss for lack of subject matter jurisdiction. The City argues that, because subject matter jurisdiction is a threshold issue that could dispose of the litigation, it should not be required to file an answer, which would start the clock on its MIDP responses and other discovery. Even if the City has shown good cause for deferral of its answer, it has not done so with respect to discovery, including particularly the requirement that it provide initial discovery responses, and it should be ordered to provide those within thirty (30) days. *Id.* at § A.4.

4. Even in courts where the expedited procedures of the MIDP do not apply, "[t]he mere filing of a motion to dismiss does not automatically stay discovery." *New Eng. Carpenters*

*Health & Welfare Fund v. Abbott Labs.*, No. 12 C 1662, 2013 WL 690613, at *1 (N.D. Ill. Feb. 20, 2013). While a stay *can sometimes* be appropriate where a motion to dismiss challenges a plaintiff's standing, *id.*, "a motion to stay discovery will not be granted every time a potentially dispositive issue is placed before the court." *Builders Ass'n of Greater Chi. v. City of Chicago*, 170 F.R.D. 435, 437 (N.D. Ill. 1996) (denying motion to stay discovery pending ruling on motion to dismiss on standing grounds). Rather, courts will refuse to stay discovery where a stay "is unlikely to significantly expedite the litigation, and may actually slow it down." *Tamburo v. Dworkin*, No. 04 C 3317, 2010 WL 4867346, at *2 (N.D. Ill. Nov. 17, 2010); *see also Builders Ass'n of Greater Chi.*, 170 F.R.D. at 437 (same).

5. That is the situation here. The City's compliance with written discovery, including the MIDP initial disclosures, will, as explained below, impose very little burden on the City, while substantially expediting the litigation.

6. The MIDP aims to "reduce the cost and delay of civil litigation" by requiring parties to respond to standard discovery requests. *Mandatory Initial Discovery Pilot Project: Overview*, Federal Judicial Center, https://www.fjc.gov/content/321837/mandatory-initial-discovery-pilot-project-overview (last visited Jan. 16, 2018). There are only seven requests in the MIDP, and at this stage the City would be required to respond to only five of those requests. Standing Order Regarding Mandatory Initial Discovery Pilot Project § B (N.D. Ill. Jun. 1, 2017). These requests include identifying individuals who would have information or have given statements relevant to any party's claims or defenses; identifying documents relevant to any party's claims of defenses; stating the facts relevant to each party's own claims or defenses; and describing or producing any relevant liability agreements.[1] *Id.* Additional written discovery

---

[1] One request requires a party to provide a computation and description of supporting documents of each category of damages claimed, which does not apply to the City as a defendant in this case. The final

3

would likely include document requests and interrogatories, to the extent the requested information and documents are not provided through the initial disclosures.

7. The City does not and cannot show that it would be too costly or burdensome to make the initial disclosures or respond to written discovery because it has already produced much of the relevant information and documents in the two related lawsuits.

8. In *Campbell v. City*, the City filed the requisite notice that it served responses to the MIDP requests on September 20, 2017. Defendant City of Chicago's Notice of Service of Response to Mandatory Initial Discovery Requests, *Campbell v. City* (Sept. 20, 2017), ECF Nos. 92-94. Furthermore, in a previously filed Joint Status Report in *Campbell v. City*, the City acknowledged that some of the information the City would produce to the *Campbell* plaintiffs would be information it had already provided separately to the United States Department of Justice. Joint Status Report at 4-5, *Campbell v. City* (Aug. 25, 2017), ECF No. 81. Moreover, other written discovery is also underway in the *Campbell* case.

9. In *State v. City*, the parties filed a Joint Status Report dated October 23, 2017, acknowledging that the State "has already undertaken extensive discovery." Joint Status Report at 3, *State v. City* (Oct. 23, 2017), ECF No. 32. In response to the State's approximately 200 document requests, the City "promptly" provided initial and supplemental responses and, as of the October 2017 Joint Status Report, the State had already reviewed over 5,000 documents. *Id.*

10. The City has refused to provide Plaintiffs here with copies of any discovery already produced in other lawsuits, even though it is plainly relevant to the claims here and the burden on the City of reproducing this information is *de minimis*.

---

request allows a party receiving any lists or descriptions of documents to request more detailed or thorough responses upon authorization from the Court. This request only applies after the initial responses have been served.

11. Like the *State of Illinois* and *Campbell* lawsuits, this lawsuit brings a Section 1983 claim alleging that the City engages in unlawful force in violation of the Fourth Amendment, and a claim that the City's use of force has a disparate impact on individuals of color in violation of the Illinois Civil Rights Act of 2003. *Compare* Am. Compl. ¶¶ 78–79, 83–84 *with* Second Am. Compl. ¶¶ 305-310, 321-23, *Campbell v. City* (Sept. 5, 2017), ECF No. 83; Compl. ¶¶ 32–33, *State v. City* (Aug. 29, 2017), ECF No. 1. In light of these overlapping claims and the significant discovery already provided in the two related lawsuits, the City has not and cannot show good cause to defer written discovery, including the parties' initial exchange of the information and documents specified in the MIDP. Written discovery will place a very limited burden on the City—and Plaintiffs are prepared to work with the City to minimize any burden—while ensuring that the case can proceed expeditiously as contemplated by the MIDP.

## CONCLUSION

For these reasons, Plaintiffs respectfully request that, if the Court grants the City's request to defer the time for its answer, the Court order that the City nevertheless comply within 30 days with the initial disclosure requirements of the MIDP and that further written discovery may proceed thereafter.

DATED: January 17, 2018            Respectfully submitted,

                                                        COMMUNITIES UNITED; COMMUNITY RENEWAL SOCIETY; NEXT STEPS; ONE NORTHSIDE; and the ACLU OF ILLINOIS

                                                        By:   */s/ Bradley S. Phillips*
                                                          *Co-Lead Counsel for Plaintiffs*

| | |
|---|---|
| Barry C. Taylor<br>Laura J. Miller<br>Amanda Antholt<br>EQUIP FOR EQUALITY<br>20 N. Michigan Ave., Ste. 300<br>Chicago, IL 60602<br>(312) 341-0022<br>barryt@equipforequality.org<br>laura@equipforequality.org<br>amanda@equipforequality.org | Karen Sheley<br>Kathryn Hunt Muse<br>Lindsay S. Miller<br>Rachel Murphy<br>ROGER BALDWIN FOUNDATION OF ACLU, INC.<br>150 N. Michigan, Suite 600<br>Chicago, IL 60601<br>(312) 201-9740<br>ksheley@aclu-il.org<br>kmuse@aclu-il.org<br>lmiller@aclu-il.org<br>murphy@aclu-il.org<br><br>Bradley S. Phillips<br>Jacob S. Kreilkamp<br>Allyson R. Bennett<br>MUNGER, TOLLES & OLSON LLP<br>350 South Grand Avenue, 50th Floor<br>Los Angeles, CA 90071<br>(213) 683-9100<br>brad.phillips@mto.com<br>jacob.kreilkamp@mto.com<br>allyson.bennett@mto.com |