IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COMMUNITIES UNITED, COMMUNITY RENEWAL SOCIETY, NEXT STEPS NFP, ONE NORTHSIDE, and the ACLU OF ILLINOIS, on behalf of their respective members,<br><br>                              Plaintiffs,<br><br>      vs.<br><br>THE CITY OF CHICAGO,<br><br>                              Defendant. | Case No. 17-cv-7151<br><br>Hon. Elaine E. Bucklo |

**DEFENDANT THE CITY OF CHICAGO'S REPLY IN SUPPORT OF MOTION TO DEFER THE TIME TO FILE AN ANSWER PURSUANT TO THE STANDING ORDER REGARDING THE MANDATORY INITIAL DISCOVERY PILOT PROJECT**

Defendant City of Chicago ("City") by and through its undersigned attorneys, in support of its Motion to Defer the Time to File an Answer under the Mandatory Initial Discovery Pilot Program ("MIDP Motion") [Dkt. No. 44], states as follows:

**INTRODUCTION**

The Court previously found good cause to delay the time to file an answer to the Complaint while the Court considered the City's Motion to Dismiss for lack of subject-matter jurisdiction. (*See* Court Order, Dkt. No. 27.) Then, Plaintiffs filed an Amended Complaint. The City again moved to dismiss for lack of subject-matter jurisdiction.[1] (Dkt. No. 42-1.) In addition, the City has renewed its request to delay the time to answer the Complaint while the Court considers the City's Motion to Dismiss. (Dkt. No. 44.) The MIDPP Standing Order further provides that, if the time to answer the Complaint is set by the Court, the time to serve

---

[1] The City also moves to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (Dkt. No. 42-1.)

21871543.5

responses to the mandatory initial discovery "shall be measured from that date." MIDPP Standing Order § A(3).

Plaintiffs do not object to the City's request to defer the time to answer the Complaint while the Court considers the City's Rule 12(b)(1) motion. (Pls.' Resp., Dkt. 46 at 1.) Yet, Plaintiffs argue that the written discovery requirements set forth by the MIDPP should not be deferred. Because good cause exists to defer the time to answer and to respond to initial written discovery, this Court should rule as it previously ruled, and grant the City's MIDPP motion.

## ARGUMENT

There is good cause to defer the time to answer the Amended Complaint and defer the time to serve responses to the MIDPP mandatory discovery. This is because the City has moved to dismiss the Amended Complaint in its entirety under Fed. R. Civ. P. 12(b)(1), as well as under Fed. R. Civ. P. 12(b)(6). (Dkt. No. 42-1.) The City presents two bases to dismiss for lack of subject-matter jurisdiction: (1) Plaintiffs lack standing; and (2) Plaintiffs' claims are moot. (*Id.*)

It is proper in this case to stay discovery until the Court resolves the threshold questions relating to standing and mootness. "Stays are often deemed appropriate where the motion to dismiss can resolve a threshold issue such as jurisdiction, standing, or qualified immunity . . . ." *DSM Desotech Inc. v. 3D Sys. Corp.*, No. 08 CV 1531, 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008) (noting that stays are ordered "with some frequency."); *see also U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79–80 (1988) ("It is a recognized and appropriate procedure for a court to limit discovery proceedings at the outset to a determination of jurisdictional matters . . . .").

Such a stay is appropriate because it obviates the need for the parties to engage in costly and time-consuming discovery, which may ultimately serve no purpose if the Court determines it does not possess jurisdiction to hear the case. Plaintiffs would suffer no prejudice if the initial

discovery was delayed while the Court resolved the jurisdictional questions presented by the City's Motion to Dismiss. One of the purposes of the MIDPP is to reduce the cost of litigation. *See* Mandatory Initial Discovery Users' Manual for the Northern District of Illinois ¶ A(1), available at https://www.ilnd.uscourts.gov/_assets/_documents/Users%20Manual%20FINAL.pdf. A stay furthers that purpose. Under Plaintiffs' proposal the City would incur significant costs to prepare responses to discovery requests, which Plaintiffs acknowledge "would likely include document requests and interrogatories," (Resp. at 4); these costs would be completely unnecessary if the City prevails on its motion.

Implicitly recognizing as much, Plaintiffs contend that the cost to prepare these discovery responses is reduced because the City has made similar productions in other matters: *State of Illinois v. City of Chicago*, Case No. 17-cv-6260 ("*State v. City*"); and *Campbell v. City of Chicago*, Case No. 17-cv-4467 ("*Campbell*"). Setting aside that the discovery in those cases is irrelevant to the City's Motion here, Plaintiffs misapprehend the scope and nature of those productions.

First, while both *State v. City* and *Campbell* present allegations of excessive force, those cases are distinct from the allegations set forth in this matter, which particularly focus on the use of force on disabled individuals. While the City's prior productions in those cases have touched upon the allegations presented here, the City would be obligated to undertake additional document collection, review, and production efforts to provide materials to produce materials responsive to Plaintiffs, at additional costs. Moreover, while it is true that the City produced materials in *State of Illinois v. City of Chicago*, Case No. 17-cv-6260, much of what has been exchanged in that case has been produced subject to Fed. R. Evid. 408, as the City works with the State of Illinois to attempt negotiate a consent decree as the resolution to the case. Those

materials, exchanged for purposes of settlement with the State of Illinois, were largely produced confidentially under the terms of a protective order, and could not simply be handed over to Plaintiffs without significant further attorney review.

Likewise, while the City met its discovery obligations under the MIDPP in the *Campbell* matter, it is not accurate that "much of the relevant information and documents" Plaintiffs would seek in this case have already been produced in *Campbell*. (Resp. at 4.) The *Campbell* case involves six individual plaintiffs who allege that seventeen named defendant Chicago Police officers violated their civil rights through the defendant officers' use of force, as well as related claims alleged against the City by the individual plaintiffs and nine other community groups. Not surprisingly, much of the materials produced in *Campbell* to date (confidentially, under the terms of a protective order) relate to the alleged interactions described in the *Campbell* complaint between the individual plaintiffs and the defendant police officers, and would not be relevant or responsive to discovery in this case. The mere fact that the City has made productions in other cases does not present a basis to require early discovery in this case, prior to a ruling by the Court on the fundamental question of subject-matter jurisdiction.

## CONCLUSION

For the reasons set forth in the City's MIDPP motion and herein, the Court should grant the City's request and defer the time to answer the Amended Complaint and further defer the time to issue and respond to initial discovery until after the Court rules on the City's Motion to Dismiss. Good cause exists because there may be no need for any discovery whatsoever if the Court adopts the City's arguments that the case be dismissed for lack of jurisdiction or for failure to state a claim.

4

21871543.5

Dated: January 22, 2018 Respectfully submitted,

**CITY OF CHICAGO**

By: /s/ Allan T. Slagel
One of its Attorneys

Allan T. Slagel (ARDC #6198470)
aslagel@taftlaw.com
Heather A. Jackson (ARDC #6243164)
hjackson@taftlaw.com
Elizabeth E. Babbitt (ARDC #6296851)
ebabbitt@taftlaw.com
Jeffrey M. Schieber (ARDC #6300779)
jschieber@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker
Suite 2800
Chicago, Illinois 60601
Telephone: (312) 527-4000
Facsimile: (312) 527-4011

21871543.5